

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5215
Re: Does machinery and equip-
ment belonging to the
Defense Plant Corporation
become taxable as "real
estate" when installed
in its plants, or remain
exempt as "personal pro-
perty", and related ques-
tions.

April 15, 1943, you requested the opinion of this
department upon the factual situation presented in the
letter of Mr. Jim H. Clash, Tax Assessor and Collector
of Harris County, which states:

"The Defense Plant Corporation, an agency of the
Reconstruction Finance Corporation, has during the
past year built a number of defense plants in this
County. Each of these plants is operated by private
corporations.

"We have received several renditions made by
these corporations for the Defense Plant Corporation
of their properties in this County as of January 1,
1943. In each case, the rendition includes and land
and buildings only. No rendition is made for machinery
and equipment, or other necessary items for the opera-
tion of these plants. The valuation placed on the im-
provements has been confined strictly to the buildings
themselves. We are of the opinion that much of the
other property of these plants should be classified
as real property and taxable under the Act creating
the Reconstruction Finance Corporation."

Mr. Glass desires to know if the machinery and equipment installed in these plants is taxable.

The Defense Plant Corporation was organized under Section 606b, 15 U. S. C. A., and created "in order to aid the Government of the United States in its national-defense program. . ." It is an agency of the Federal Government.

Section 610, 15 U. S. C. A., expressly exempts from all taxation such corporation, "except that any real property of the corporation shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real estate is taxed. . . Such exemptions shall also be construed to be applicable to . . . personal property owned" by such corporation.

The question is whether or not the machinery and equipment installed by the Defense Plant Corporation in its plants is "real property", or remains "personal property" within the contemplation of Section 610, supra. We believe its status is to be determined by State law.

19 Tex. Jur. 707-9, lays down the following test for determining whether certain property is a fixture:

> "According to a leading decision, the true criterion for determining whether a chattel has become an immovable fixture consists in the united application of the following tests: First. Has there been a real or constructive annexation of the article in question to the realty? Second. Was there a fitness for adaptation of such article to the uses or purposes of the realty with which it is connected? Third. Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?

> "Of the above-mentioned tests for determining whether or not a chattel has become a fixture, pre-eminance is given to the one that concerns the intention to make the thing a permanent accession to the freehold; the other tests are of value chiefly as evidence of this intention. To be effective, the intention to make a chattel a permanent annexation must appear affirmatively and plainly. The intention which controls is not a secret intention but



that which either expressly was declared or which has become apparent from acts, declarations and purposes to be served.

"As a general rule, intention is a question of fact for the jury. In determining this question the following matters may be considered: the nature of the property, the relation and situation of the parties, their declarations, the policy of the law, the mode of annexation, the purposes or use for which the annexation was made, and other circumstances, part of the res gestae, that throw light upon the transaction."

Since the intention of the owner is the main consideration in determining whether machinery is a fixture, we find it impossible to lay down any precise rule as to what machinery and equipment is to be considered "real property" when installed for use on it. Each case must be determined according to its particular facts. We cannot say as a matter of law that all machinery and equipment installed in this corporation's plants is "real property."

The assessor and collector of taxes must determine the "facts" in each individual case. If he considers the nature of the article and its use, the character of the annexation, the relationship of the corporation to such property, and determines that all of these manifest an intention on the part of the Defense Plant Corporation to make such machinery and equipment a permanent part of the factory, then he should assess the same, otherwise not.

Assuring you that we regret our inability to give you a more definite answer, we are

                                        Yours very truly

APPROVED APR. 28, 1943                  ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS               By
                                        /s/ Thos. B. Duggan, Jr.

TBD:pm
pw

APPROVED OPINION COMMITTEE BY B.W.B, CHAIRMAN